F.S. FARRELL, LLC
Frank S. Farrell, Minnesota Att. No. 28447
Alexander Farrell, Minnesota Att. No. 390202
7101 York Avenue South, Suite 153
Edina, MN 55435
952-921-3260
952-216-0106 FAX
frank@fsfarrell.com
alexander@fsfarrell.com
Attorneys for non-party Sorna Corporaiton, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Datcard Systems, Inc., a California Corporation ) ) ) ) | **Civil No. _____** |
| Plaintiff, ) | |
| vs. ) | **MEMORANDUM IN SUPPORT OF SORNA CORPORATION'S MOTION TO QUASH A THIRD PARTY SUBPOENA AND FOR A PROTECTIVE ORDER** |
| Pacsgear, Inc. a California Corporation, ) ) ) | |
| Defendants. ) ) ) ) | U.S. District Court for the Central District of California. Case No: SACV 10-1288 DOC (VBKx) |

Pursuant to Fed. R. Civ. P. 26(c) and 45(c), non-party Sorna Corporation,

("Sorna") respectfully seeks: (1) an order quashing the subpoena *duces tecum*, and order

to produce documents (collectively, the "Subpoena") served on Sorna by PacsGear, Inc.

("PascGear") and (2) a protective order from this Court prohibiting PacsGear from requiring production of documents and other things from Sorna.

## I.      FACTUAL BACKROUND

On March 2, 2011, Sorna was served with a third-party subpoena *duces tecum* by PacsGear, Inc., a defendant in a patent infringement suit venued in the Central District of California. *DatCard Systems, Inc., v. Pacsgear, Inc.*, C.D. California Civil Action No. SACV 10-1288 DOC  (hereafter the "Patent Infringement Action").

The Patent Infringement Action involves allegations of infringement of three patents owned by Datcard U.S. Patent Nos. 7,302,164, 7,729,597 and 7,783,174.  All three patents involve the implantation of medical image data onto portable media.  Sorna also manufactures devices that manage and implant medical image data onto portable media.  (Declaration of Cyrus Samari "Samari Dec" ¶ 3).  Sorna has several pending applications dealing with the same technology. (*Id.* at ¶ ¶ 8-10).   PacsGear and DatCard are both direct competitors of Sorna.  (*Id.* at ¶ 11).  Sorna believes that PacsGear and/or DatCard may be potential future adversaries in patent litigation.  (*Id. at* ¶ 12).

Sorna has already produced documents to both PascGear and DatCard.  Sorna produced documents to DatCard in earlier litigation against another image documentation company, Codonics.  (*Id.* at  ¶ 15).   In January of 2011, counsel for PacsGear  furnished request for production on Sorna without a subpoena. (Samari Dec. Ex. A ).  Sorna responded on February 4th, 2011.  (*Id.* at  ¶ 14).    The requests in January are to a large

extent repetitive of the Subpoena in March 2011 (*Id.* at ¶ 13). The subpoena requests

extensive confidential product development, sales and financial information from Sorna.

In its previous response to the requests in January, Sorna produced among other

things, the complete record of documents produced to DatCard in its litigation with

Codonics, Inc., advertising material, patents, patent applications, presentations, tutorials,

and other product information. (*Id.* at ¶ 14). Sorna refused to comply with other

document requests, including a request to provide a copy of all Sorna products,

information on the design and conception of Sorna products, and sales and financial

information. (*Id.*). PacsGear has not offered to limit any of the requests to Sorna. (*Id.* at

¶ 16).

Counsel for PacsGear has not coordinated with Sorna to remove the requests for

production that Sorna has already answered. (*Id.*). Rather, PacsGear has simply resent

the prior requests for production and added additional requests for information that is

irrelevant to the suit between PacsGear and DatCard, and highly sensitive proprietary

information of Sorna. Further, Pascgear demanded production of these documents on

March 16th, 2011. (Samari Dec. Ex. A ), a mere two weeks after the subpoena was

emailed to counsel for Sorna, and less than two weeks after the subpoena was served.

(Samari Dec. ¶ 17).


**II.    ARGUMENT**

Federal Rule of Civil Procedure 45(c) provides that a Court must quash or modify a subpoena to a non-party that "subjects a person to an undue burden."  In determining whether to quash a subpoena, a court must weigh "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Plant Genetic Sys., N.V. v. Northrup King Co.,* 6 F. Supp. 2d 859, 861 (E.D. Mo. 1998); *Truswal Sys.,* 813 F.2d at 1211 (Fed. Cir. 1987) (applying Eighth Circuit law, and relying on decisions from other jurisdictions); *see also Roberts v. Shawnee Mission Ford, Inc.,* 352 F.3d 358, 360-62 (8th Cir. 2003) (applying the relevancy requirement of Rule 26(b)(1) to a motion to quash plaintiff's subpoena).  "[D]istrict courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Misc. Docket Matter #1 v. Miscellaneous Docket Matter #2,* 197 F.3d 922, 926 (8th Cir. 1999) (citing *Herbert v. Lando,* 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 26(c)). Moreover the Federal Rules provide for a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c).  In the instant case, quashing the subpoena, or in the alternative, a protective order, is necessary to protect Sorna from an undue burden, expense, and harassment of having to testify and produce highly confidential and proprietary information pursuant to an overbroad third-party subpoena in a dispute for which Sorna is not a party.

PacsGear's Subpoena is unduly burdensome and seeks irrelevant information from Sorna. Thus, this motion has been filed.

## A.  The Subpoena Seeks Irrelevant Information

Fed. R. Civ. P. 26 allows for discovery of any matter *relevant* to the claim or defense of any party, "discovery may not be had on matters irrelevant to the subject matter involved in the pending action" *Miscellaneous Docket Matter #1*, 197 F.3d at 925 (citing *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990)).  And "because discovery rules should be construed to secure the just, *speedy*, and *inexpensive* determination of every action... judges should not hesitate to exercise appropriate control over the discovery process." Id., at 927 (emphasis in original) (quoting *Herbert*, 441 U.S. at 177).

Beyond the Subpoena itself, PacsGear has not informed Sorna of any further information to help Sorna understand the type of documents that it seeks which may be relevant to the Patent Infringement Action. For example, PacsGear has not informed Sorna as to:

• what claims of this patent are being asserted against PacsGear in the Patent Infringement Action;

• what the terms of those asserted claims have been determined to mean in a Markman hearing or other similar order in the Patent Infringement Action;

• a full list of products or services of PacsGear which are accused of infringement, how those PacsGear products allegedly infringe;

• or any other information that would help identify relevant prior art that PacsGear seeks from Sorna.

Certainly knowledge of this basic information would greatly aid Sorna in the quick and efficient collection of relevant information in response to PacsGear's Subpoena. The Subpoena does not include any of the above-identified information which was available to PacsGear or should have been available to PacsGear when preparing the Subpoena. By not including such information in the Subpoena, Sorna is being asked to review, produce, and prepare information that may have no bearing on the Patent Infringement Action. It should not be Sorna's burden to analyze the facts and circumstances of the Patent Infringement Action just so it can adequately respond to the Subpoena. Indeed, as a non-party, Sorna is not likely to be privy to the details of allegations asserted against PacsGear necessary to even begin to understand what could be prior art.

Rather than providing the necessary specificity to limit the burden and expense on Sorna, PacsGear has drafted its Subpoena using the defined terms as broadly as possible and without limitation. For example, PacsGear seeks:

"All Documents that describe, discuss or refer to the making, in this or another country, of any invention disclosed, described or claimed in the Subject Patents, for example, a product capable of producing medical image data onto a portable digital recording media (e.g., CD or DVD), by another person who had not abandoned, suppressed or concealed it, as this

phrase is used in 35 U.S.C. § 102(g) before January 17,2001." (Samari Dec. Ex. A Request 19).

Generally, this type of information about Sorna products is not published and is kept confidential. The documents requested in the Subpoena include unpublished, confidential information which is unlikely to comprise prior art.

Further, in Request 22, the Subpoena requests that Sorna provide sales figures on the majority of its products. (*Id.* at Request 22). This information is likewise confidential and not made available by Sorna. The sales of Sorna products are not in any way related to the Patent Infringement action between the two main parties.

By not including specifics of the patent at issue, including the meaning of the claim terms at issue or otherwise limiting the scope of information sought, PacsGear has ignored its Rule 45 obligation to take reasonable steps to not seek irrelevant information from a non-party. PacsGear may not abuse the discovery process or receive special leeway to serve irrelevant and unduly burdensome subpoenas on a non-party. *Labor Union of Pico Korea, Ltd. v. Pico Products Inc*, 968 F.2d 191 (2nd Cir. 1992). PacsGear has simply not demonstrated a legitimate need for the wide-ranging discovery it has demanded of the non-party Sorna. Therefore, Sorna's Motion to Quash the Subpoena and Protective Order should be granted.

**B.  Sorna Will be Subjected to an Undue Burden in Responding to this Subpoena**

"Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *Miscellaneous Docket Matter #1,* 197 F.3d at 925 (citing *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990))

### 1.  PacsGear failed to take reasonable steps to avoid imposing an undue burden on Sorna

"[D]istrict courts should not neglect their power to restrict discovery where justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Misc. Docket Matter #1,* 197 F.3d at 926 (citing *Herbert,* 441 U.S. at 177 quoting Fed. R. Civ. P. 26(c)).

Sorna has provided information on Sorna products, advertisements, and patent applications in response to PacsGear's January request.  Still the Subpoena requests of all these items again.  (Samari Dec. Ex. A).  PacsGear must either state why Sorna's prior production is insufficient or modify its subpoena.   Additionally, on February 4th, 2011 Sorna disclosed the information it had already given to DatCard in a prior litigation. (Samari Dec. ¶ 15).  However, the Subpoena does not take into account any of this information.

With such a broad and duplicative Subpoena, PacsGear is conducting a fishing expedition on Sorna's confidential and proprietary information, including its trade

secrets, which it has neither the need nor the right to seek from a competitor.  Rule 45

states that the Court "must quash or modify a subpoena that ... subjects a person to undue

burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The rule also mandates that "a party or an

attorney responsible for issuing and serving a subpoena must take reasonable steps to

avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R.

Civ. P. 45(c)(1). Furthermore, "non-parties are to be afforded special protections against

the time and expense of complying with subpoenas." *Misc. Docket Matter #1,* 197 F.3d at

927.

Here PacsGear has failed to fulfill its responsibility under Rule 45 to take

reasonable steps to avoid imposing an undue burden or expense.  PacsGear has made no

effort to limit the burden on Sorna in responding to the Subpoena.  Pacsgear has ignored

its Rule 45 obligation to take reasonable steps to avoid imposing an undue burden or

expense.

### 2.   The subpoena seeks information that has already been given to PacsGear

A court shall quash a subpoena if the subpoena "subjects a person to undue

burden." Fed. R. Civ. P. 4S(c)(3)(A)(iv); *Mattel, Inc. v. Walking Mountain Productions*,

353 F.3d 792, 814 (9th Cir. 2003).  PacsGear has already received answers to many of its

discovery requests from Sorna.  (*Id.* at ¶ 16).  PacsGear has not adjusted its discovery

responses or conferred with Sorna concerning any deficient responses.  (*Id.*).

PacsGear should be required to first determine whether further discovery is needed of DatCard before it seeks non-party discovery.  It is well settled law that litigants should seek discovery from parties to the litigation before attempting to burden non-parties with discovery requests. See, e.g., *Haworth, lnc. v. Caruthers-Wallace Coutenay, lnc.*, 998 F.2d 975, 978 (Fed. Cir. 1993 (affirming trial court's decision to require litigant to seek discovery from opposing party before subpoenaing non-party); *Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 391 (N.D. Cal. 1993) (refusing to require non-parties to produce discovery that litigant could obtain from opponent).  In this case, PacsGear should be required to exhaust all means of obtaining such information from the Plaintiff in the Patent Infringement Action or another party before it burdens Sorna with a non-party subpoena.

### 3.  The subpoena does not give Sorna adequate time to respond

A court shall quash a subpoena if the subpoena "fails to allow reasonable time for compliance." Fed. R. Civ. P. 45I(3)(A)(i).  As described above, PacsGear has set this disclosure deadline without any regard whatsoever to the realities of business and without any respect for the time of Sorna's employees or counsel.

The Subpoena demands documents relating to a great deal of information on Sorna products, patents, advertisements, sales figures, and other research.  Sorna is a small company with only 10 employees.  (*Id.* at ¶ 4).   Compilation of this material will be a long and arduous process.  In addition the time and resources necessary to compile this

information will take valuable employee time away from other projects, and significantly hamper Sorna's ability to conduct business. (*Id.* at ¶ 17).

A mere two weeks is not adequate time for any counsel to identify the additional documents requested.  In addition, Sorna must consider whether any documents would constitute Sorna or other third party's proprietary and confidential information for which entry of a protective order may be necessary.

Sorna is not a party in the Patent Infringement Action and cannot be expected to drop everything and in less than two weeks, prepare and produce what would likely be a substantial number of documents or seek other legal remedies that would be necessary in order for Sorna to meet its obligations under the Subpoena.

In addition, PacsGear cannot possibly claim that it had no choice on the timing of the Subpoena, because PacsGear has not informed Sorna of any discovery requirements or deadlines. In this case, the Subpoena should be quashed.

### C.  The Subpoena Requires Production of Confidential and Proprietary Information

Any evidentiary need PacsGear may have to the information sought is disproportionately small considering the magnitude of information sought and the burden on Sorna to reveal its most sensitive confidential and proprietary information. "[T]he issuing court must quash or modify a subpoena that: ... requires disclosure of privileged or other protected matter" *and/or* "quash or modify a subpoena if it requires:… disclosing

trade secret or other confidential research development or commercial information." Fed. R. Civ. P. 45(c)(3)(A)(iii) and Fed. R. Civ. P. 45 (c)(3)(B)(i).

DatCard and PacsGear are both direct competitors of Sorna.  (*Id.* at ¶ 11). Requiring Sorna to produce the information requested will require Sorna to disclose to competitors highly confidential and proprietary information about Sorna's finances, systems and products.  Such a disclosure would greatly benefit PacsGear, DatCard, and other competitors while causing significant damage to Sorna.  Such damage to Sorna is far greater than any evidentiary value of the information.

Therefore, Sorna respectfully requests this court to quash this Subpoena under Fed. R. Civ. P. 45, especially as to any production of Sorna's confidential and proprietary information.

### III.    CONCLUSION

For the foregoing reasons, Sorna respectfully request that the Court grant their Motion to Quash and enter the requested protective order as set forth in the Proposed Order submitted herewith.

Dated:  March 14th, 2011                **F.S. FARRELL, LLC**

By: /s/Frank S. Farrell
   **F.S. FARRELL, LLC**
   Frank S. Farrell (MN #28447)
   Alexander J. Farrell
   7101 York Avenue South, Suite 153

Edina, MN  55435
Telephone: (952) 921-3260
Facsimile:  (952) 216-0106
frank@fsfarrell.com
Attorneys for non-party Sorna Corporation .