**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

DatCard Systems, Inc.,                       Case No.: 11-mc-0025 (DSD/SER)
a California Corporation,

           Plaintiff,

v.                                         **REPORT AND RECOMMENDATION**

PacsGear, Inc.,
a California Corporation,

           Defendant,

v.

Sorna Corporation,

           Movant.

---

      Frank S. Farrell, Jr. and Alexander Farrell, F.S. Farrell, LLC, 7101 York Avenue South, Suite 153, Edina, Minnesota 55435, on behalf of Movant.

      Dennis C. Bremer and James R. Hietala, Jr., Carlson, Caspers, Vandenburgh & Lindquist, P.A., 225 South Sixth Street, Suite 3200, Minneapolis, Minnesota, 55402, and Willmore F. Holbrow, Blakely, Sokoloff, Taylor & Zafman, LLP, 12400 Wilshire Boulevard, Suite 700, Los Angeles, California 90025, on behalf of Defendant.

---

STEVEN E. RAU, United States Magistrate Judge

      This miscellaneous matter is before the Court upon Movant Sorna Corporation's Motion to Quash a Third Party Subpoena and for a Protective Order [Doc. No. 1]. This case has been referred to the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with 28 U.S.C. § 636 (b) (1) (B) and Local Rule 72.1. For the reasons set forth below, the Court recommends that the Motion be denied.

I.   BACKGROUND

Movant Sorna Corporation ("Sorna") is a non-party to the underlying action captioned *DatCard Systems, Inc. v. PacsGear, Inc.*, Civ. No. SACV 10-1288 DOC in the United States District Court for the Central District of California.  DatCard Systems, Inc. ("DatCard") brought the underlying patent infringement suit against PacsGear, Inc. ("PacsGear"), alleging that PacsGear infringed on three of its patents for technology to implant medical image data onto portable media.  (Mov.'s Mem. at 2) [Doc. No. 2].  Sorna also manufactures devices to implant and manage medical image data onto portable media.  *Id*. at 2.  PacsGear and Sorna are direct competitors.  *Id*. at 12.

On January 19, 2011, PacsGear requested that Sorna produce several categories of materials including documents pertaining to Sorna's product offerings, sales data, and organizational structure.  [Doc. No. 6-1, at 31-34].  Counsel corresponded several times between January 19, 2011 and March 14, 2011 regarding the scope and timing of PacsGear's document requests.  (Def.'s Mem. at 7) [Doc. No. 5].  In February 2011, Sorna provided PacsGear with a CD containing 182 documents Sorna produced to DatCard in conjunction with an earlier related patent case, *DatCard, Systems, Inc. v. Codonics, Inc.*, No. SACV 08-00063 (C.D. Cal. 2008).  (Mov.'s Mem. at 2-3).  After this initial production, PacsGear was uncertain as to whether Sorna's production was complete or whether Sorna possessed additional responsive documents.  (Def.'s Mem. at 7-8).  On March 2, 2011, PacsGear served Sorna with a third-party subpoena *decus tecum* [Doc. No. 6-1, at 36-44].  Sorna filed the instant Motion to Quash PacsGear's subpoena on March 14, 2011.

I.   DISCUSSION

Sorna alleges that PacsGear's subpoena: 1) seeks irrelevant information, 2) creates an undue burden by requesting duplicative materials, and 3) requires Sorna to produce confidential

proprietary information. PacsGear responds by asserting that: 1) the materials it requests are highly relevant, 2) the subpoena is narrowly tailored to minimize the burden to Sorna, 3) the arguments Sorna advances for quashing the subpoena are inadequate, and 4) the Protective Order in the underlying case should assuage Sorna's confidentiality concerns. The Court will evaluate each party's arguments within the framework of Fed. R. Civ. P. 45 and relevant case law.

Pursuant to Rule 45 (c) (3) (A), a subpoena that does not allow "reasonable time" for compliance or creates an "undue burden" may be quashed or modified. Rule 45 (c) (3) (B) additionally provides that a subpoena may be quashed or modified if it requires the disclosure of "confidential research, development, or commercial information." The Eighth Circuit generally looks to the Court of Appeals for the Federal Circuit to determine whether a third-party subpoena creates an undue burden because of the "dearth of Eighth Circuit case law" on motions to quash. *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1209 (Fed. Cir. 1987). A party seeking to quash a subpoena bears "a particularly heavy" burden. *Id.* at 1210 (quoting *Westinghouse Elec. Corp. v. City of Burlington*, 351 F.2d 762, 766 (D.C. Cir. 1965)). In determining whether to grant a motion to quash, courts must weigh the relevance of the requested materials against the burden to the party subject to the subpoena. *See, e.g., Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 360-62 (8th Cir. 2003); *Plant Genetic Sys. N.V. v. Northrup King Co.*, 6 F. Supp. 2d 859, 861 (E.D. Mo. 1998) (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)); *Truswal Sys.*, 813 F.2d at 1210.

When determining whether the documents requested pursuant to a subpoena are relevant, "[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be 'especially hesitant to pass judgment on what constitutes relevant evidence thereunder.'" *Truswal Sys.*, 813 F.2d at 1211-12 (quoting *Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421, 425 (1st Cir. 1961)). Here, Sorna's objections are primarily based on

relevance. (Mov.'s Mem. at 5-7). PacsGear contends, however, that the documents it seeks from Sorna are highly relevant to its efforts to determine its lost profits and identify similar non-infringing substitute products in the underlying action. (Def.'s Mem. at 5-7). Sorna's Motion comes before the Court as a miscellaneous matter that is ancillary to the underlying case in California. It would therefore be inappropriate for this Court to parse through Sorna's substantive arguments as to the relevance of PacsGear's requests. *See Truswal Sys.*, 813 F.2d at 1211-12. The Court thus accepts PacsGear's logical, well-supported assertions that the information it seeks is relevant to its claims or defenses in the underlying infringement action. (Def.'s Mem. at 5-7).

Sorna's barebones claims of hardship are inadequate to meet its "oppressive" burden. *See Plant Genetic Sys.*, 6 F. Supp. 2d at 862 (quoting *Heat and Control*, 785 F.2d at 1025). Without objection, Sorna produced approximately 182 documents to DatCard in 2008 which Sorna willingly reproduced to PacsGear in January 2011. (Mov.'s Mem. at 3). Sorna has not explained adequately whether and to what extent PacsGear's January 2011 request differs from the March 2011 subpoena. Sorna has also failed to describe the time or expense Sorna would incur in complying with the subpoena. Sorna submitted one four-page affidavit in support of its motion. (Samari Aff.). This conclusory, vague affidavit is insufficient to support Sorna's burden. *Id*.

Sorna further alleges that producing the documents PacsGear requests would require it to divulge "highly sensitive proprietary information" to its competitor. (Mov.'s Mem. at 3). While the Court recognizes this concern, Sorna's objection is waived given that it failed to raise this issue in prior productions. *Id*. Moreover, Sorna's claim concerning the disclosure of confidential information is unfounded in light of the Protective Order in the underlying case. *Plant Genetic Sys.*, 6 F. Supp. 2d at 862. The Protective Order, which PacsGear provided to Sorna on March 10, 2011, allows Sorna to designate documents as "Attorneys Eyes Only" or "Confidential." *Id*. at 19.

Such protections are adequate under Rule 45 (c) (3) (B).  Accordingly, Sorna has failed to satisfy its heavy burden to quash PacsGear's third-party subpoena.

## II. RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Movant Sorna Corporation's Motion to Quash a Third Party Subpoena and for a Protective Order [Doc. No. 1] be **DENIED**.  **IT IS FURTHER RECOMMENDED** that:

1.  Sorna need not produce any documents to PacsGear that are publicly available;

2. Sorna be ordered to comply with PacsGear's subpoena within 30 days of the date upon which this Report and Recommendation is adopted by Judge David S. Doty.


Dated: April 25, 2011

                                                  s/ Steven E. Rau_____
                                                  STEVEN E. RAU
                                                  United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 9, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.