```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
            Civil No. 11mc25(DSD/SER)
```

Datcard Systems, Inc.,

       Plaintiff,

v.                                                   **ORDER**

PacsGear, Inc.,

       Defendant.


This ancillary matter is before the court upon the objection of movant Sorna Corporation (Sorna) to the April 25, 2011, report and recommendation of Magistrate Judge Steven E. Rau. The magistrate judge recommends denying the motion to quash third-party subpoena and for a protective order. Following de novo review of the file, record and proceedings herein, the court overrules the objection and adopts the magistrate judge's report and recommendation.

### BACKGROUND

The background of this discovery dispute is fully set out in the report and recommendation, and the court summarizes only those facts necessary to this review. DatCard Systems, Inc., (DatCard) sued PacsGear Inc. (PacsGear) for patent infringement in the United States District Court for the Central District of California. See DatCard Systems, Inc. v. PacsGear, Inc., No. 10-1288, (C.D. Calif. filed Aug. 23, 2010). The main action in California concerns

several patents for portable electronic storage of medical-image data, the earliest of which was filed on January 17, 2001. "Sorna also manufactures devices that manage and implant medical image data onto portable media[]" and "has several pending applications dealing with the same technology." Movant's Objection 2. PacsGear sought documents from Sorna in January 2011, and Sorna supplied many of the documents requested. On March 2, 2011, PacsGear served a subpoena duces tecum on Sorna, requesting information about Sorna's products and sales since January 1, 1999. See Movant's Objection Ex A. (requests 1-22). Sorna moved to quash the subpoena. The magistrate judge issued a report and recommendation in which he recommends denying the motion. Sorna objects. The court now considers the objection.

## DISCUSSION

### I.   Standard of Review

As an initial matter, Sorna and PacsGear dispute the proper standard of review. A magistrate judge may "hear and determine" nondispositive discovery matters, such as the instant motion, and issue an order accordingly. See 28 U.S.C. § 636(b)(1)(A). The district court reviews the order for clear error. See id.; Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). This standard of review is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). In the present matter,

however, the magistrate judge issued a report and recommendation. As a result, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

**II.  Motion to Quash**

The court must limit a subpoena where it seeks irrelevant information or "subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iv); see Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 360-62 (8th Cir. 2003).  Sorna argues that the discovery sought is irrelevant, unduly burdensome and involves confidential and proprietary information.

**A.  Relevance**

Rule 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an important tool for the litigant, and so relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011) (quoting Fed. R. Civ. P. 26(b)(1)).  Sorna argues that the information sought is irrelevant.  PacsGear responds that the information is relevant to the validity of the patents and possible damages in the main action.

A patent may be invalid when the invention was previously known, used, patented or described or when the person seeking the patent did not invent the subject of the patent. See 35 U.S.C. § 102(a)-(f). As a result, documents related to Sorna's image-storage products are relevant to the claims and defenses in the main action. Moreover, whether non-infringing substitutes for the disputed products exist bears on the issue of lost profits. Therefore, PacsGear has shown that the discovery requested is relevant, and an order to quash is not warranted.

**B.  Burden**

The court will quash discovery of relevant information "where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2, 197 F.3d 922, 925 (8th Cir. 1999). The court affords particular consideration to burdens placed on nonparties. Id. at 927. Sorna argues that PacsGear has not shown that its need for the information outweighs the burden of production. Sorna states: "The short time between the issuance of the subpoena and the time requested to produce the documents would be a significant hardship for [Sorna] and is not reasonable given our small pool of available resources." Samari Decl. ¶ 17. This conclusory statement is insufficient to demonstrate burden. Moreover, Sorna's production

4

of "most of the document requests prior to the issuance of a subpoena" undermines its claim of burden. See id. ¶ 14. As a result, the court finds that compliance with the subpoena does not unduly burden Sorna; the value of the information requested outweighs the burden on Sorna. Therefore, an order to quash is not warranted.

### C.  Confidentiality

The court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" and may quash a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3). Sorna argues that compliance with the subpoena "will require Sorna to disclose to competitors highly confidential and proprietary information about Sorna's finances, systems and products." Movant's Objection 9. PacsGear responds that the protective order in the main action allows Sorna to designate documents as confidential or attorneys'-eyes-only. The court agrees. The protective order states that "[a]ny document, deposition testimony, or other information disclosed in this case, or any portion therof, may be designated as 'Confidential' or 'Confidential — Outside Counsel Only' by any party, *including without limitation, any third party not a party to the case or witness* ...." Holbrow Decl. Ex. I (emphasis added). The discretion available under the protective order affords

5

substantial protection to information provided by Sorna. Therefore, the court finds that the evidentiary value of the information outweighs potential damage to Sorna, and an order to quash is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Sorna's objections [ECF No. 12] are overruled;
2. The magistrate judge's report and recommendation [ECF No. 11] is adopted in its entirety; and
3. The motion to quash a third-party subpoena and for a protective order [ECF No. 1] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 23, 2011

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court